STANLEY SPECK V. THE STATE.

No. 23160. Delivered June 13, 1945.

The opinion states the case.

*T. R. Odell,* of Haskell, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for driving an automobile on a public highway in Baylor County while intoxicated, and by a jury fined the sum of $200.00. Hence this appeal.

Appellant complains because, as he alleged, the information herein fails in certain particulars to properly allege that the offense was committed in Baylor County; that same fails to

allege the presentment in the county court thereof, and generally fails to charge a violation of the law prohibiting such driving. A careful reading of such information convinces us that while the information is in rather a peculiar form, and does not literally follow the usual and ordinary form, nevertheless it does contain all the requisites demanded by Art. 414, C.C.P. relative to such pleadings.

Appellant's further contention relates to the admission of certain testimony concerning the intoxicated condition of one Sylvia Lane who it seems was present in the automobile with appellant at the time it was charged he was intoxicated. The matter came up in the following manner: In making out its case the State showed by witnesses the drunken condition of appellant, and it was also shown that Sylvia Lane was with the appellant in the car at the time of appellant's apprehension by peace officers. Appellant then placed Miss Lane on the stand, and she testified and denied that appellant was drinking or drunk, and stated that neither she nor appellant had taken any intoxicating liquor of any kind. Upon cross-examination she was asked if she had not called the assistant county attorney over the phone, soon after appellant's arrest, and told him that both she and appellant had been drinking. The witness denied any such conversation with the assistant county attorney. She also denied having told the officer that she had been drinking. Whereupon the State, for the purposes of impeachment, proved by such assistant county attorney that on the date charged in the information he had a telephonic conversation with a certain person who said she was Miss Lane, and she told him they had arrested some boy and put him in jail, and charged him with being drunk; he asked her if she had been drinking, and she said "Yes." We do not think this testimony relative to this woman's drinking was admissible. For purposes of impeachment, anything she might have said about appellant's intoxicated condition at the time of his arrest might have become admissible for a limited purpose, but anything relative to Miss Lane's drinking could hardly be binding on appellant, nor have any probative force relative to his intoxicated condition. This ruling should also apply to the testimony of the hotel keeper, Frank Armstrong, wherein he testified that he thought Miss Lane was drinking while using the telephone in his hotel; also the same ruling should be effective relative to the testimony of Bob Holly wherein he testified as to the scent on Miss Lant's breath, and to the further fact that he deprived her of driving her car because she was intoxicated. This testimony would have

been surely admissible had Miss Lane been on trial, but we do not think her intoxicated condition could have affected appellant's condition. Such testimony might have been admissible herein as an impeachment of her had the assistant county attorney testified that she had told him that appellant was drunk, or had been drinking, but it is to be noticed that her statement to the officer merely said that she, the witness, had been drinking, and the drinking of Miss Lane, being an entirely collateral matter, was not admissible against appellant as a matter of impeachment.

Paragraph 7 of the trial court's charge, limiting the above testimony, is as follows:

"You are further instructed that the testimony of the witness Dickson with reference to a telephone conversation with the witness Sylvia Lane, in which she stated that she had been drinking, can be considered by you for one purpose only and that is as it affects the credibility of the said witness, Sylvia Lane, if it does."

In bill of exception No. 8 this paragraph is complained of, among other things, as being on the weight of the testimony. It was denied by the witness Lane that she told Dickson over the phone that she had been drinking. Dickson asserted that she did make such statement. Under the court's charge it was said "she stated that she had been drinking." We think this charge was on the weight of the evidence, and the trial court, unintentionally we feel sure, took sides with Mr. Dickson on this disputed matter, and thus fell into error.

For these enumerated reasons this judgment is reversed and the cause remanded.